Good morning. I'd like to first of all thank you for the opportunity on behalf of myself as well as on behalf of my client Kimberly Asper for the opportunity to try at least and correct what we believe is an error by the district court and an injustice and to allow my client her day in court. My client filed her complaint of wrongful discharge based on the clear and unambiguous language of the Montana Wrongful Discharge from Employment Act. That act specifically defines discharge as a failure to rehire. In addition, as we argued to the district court, my client relied on Costco's written personnel policies which also required that they could not terminate a permanent employee without good and sufficient cause. Costco created its personnel policies and its terms of employment. No one forced this mega company to outline those terms or those specific policies and procedures. What difference does it make that it's a mega company? Pardon me? What difference does it make that it's a huge company? I think the difference has to do in part with the fact some of the public policy considerations that Judge Christensen was concerned about. He indicated, and as we have argued, those public policy considerations should play no part in this case. But the reason that it does become important is Costco, Walmart, some of these larger corporations and employ some of the in terms of having a former employee who was vindicated in a wrongful discharge case rehired is not a situation that happens when there are outlets in Polson and buildings and Great Falls and Helena and everywhere else. And this person could relocate to any one of those and be granted the career opportunities that Costco promises its employees in their personnel policies. My client was wrongfully discharged. She was completely vindicated. She received one year's worth of damages, amount of about $112,000. That gives the court some idea by Montana standards of the value of a position at Costco. Those, of course, were both wages and fringe benefits. But my client was on a career path. She had an exemplary record. Her evaluation said that she was going for management. And she was wrongfully discharged. She was completely vindicated. And she was compensated for that. Pardon me? And she was compensated for that. She was compensated, Your Honor, for one year, for $112,000. But I mean, you could have asked her. You could have sought different damages. Maybe you didn't with the arbitrator. But your theory here is that the failure to rehire constitutes a firing. And I understand your statutory argument. But don't you think it's a little counterintuitive to say you can be fired from a job you don't have? Your Honor, we, the Montana State Legislature defined discharge. And in it, they included failure to rehire. The Montana State... But doesn't that imply a duty to rehire? So if somebody had a union contract or, as you said, some other kind of a contract that obligated the employer or former employer to rehire him or her, that's one thing. Correct. But I don't see where your client had that. Can you help me out? Sure. Basically, and the Montana Supreme Court has specifically addressed this on several occasions. The Montana Supreme Court says that that duty to rehire exists when an employer, either through regulations, if it's a government employee, or through personnel policies, creates that obligation. That obligation to not discharge someone except for good cause. What's your best Montana case that fits this factual circumstance that says someone who's prevailed in a wrongful termination case? That mere fact imposes a duty on the former employer to rehire. Your Honor, there isn't a case that's specifically on point, but there are cases that are very close. In Nye v. Department of Livestock, a 1982 case, which is cited in the brief, in that particular case, the Department of Livestock had personnel policies that said that a permanent employee could not be discharged without just cause, I think is the term. If there's no clear answer to the question, why shouldn't we certify the question to the Montana Supreme Court? Your Honor, we filed this case in state court. Costco removed it to federal court. So Costco is the reason that we're before this. We're here under Montana law, right? That is correct, Your Honor. And you just told the panel, you just told us that there's no clear answer to the question that I posed in terms of the law. It would require some interpretation. I mean, it would be one thing if you had a Montana Supreme Court case decided within the last couple of years that fit your facts, that said under these circumstances, Costco had a duty or an employer in Costco's position would have a duty to rehire. You've told us there is no such case. It's an open question. Our choice is either to try to interpret the Montana statute or ask the Montana Supreme Court, what do you think? Your Honor, I respectfully disagree. I did not, I don't believe the case is that the Montana Supreme Court does not have cases out there that point the direction. What I Although actually there is, Your Honor. I mean, if you look at Boring v. Christensen, which was a 1994 case passed after the Wrongful Discharge from Employment Act was enacted in 1987. And that particular case, same situation, personnel policies that required that a permanent employee not be terminated without just cause. And in that case, the Montana Supreme Court specifically said where the employer has, by personnel policies, limited its ability to impose a discharge absent a showing of just cause, the employee is entitled to expect that her employment will continue until the employer demonstrates just cause while the, why the employee should be, should be discharged. The Montana Supreme Court then went on to address what was kind of a public policy concern. The decision was limited to employees like Boring who can point to some contract policy that provides expectations of a right in continued employment. So the Montana Supreme Court pointed the way. In addition, in a 1993 case, Arnold v. Boise Cascade, specifically brought under the Wrongful Discharge Act, specifically under the failure to recall or just like in the current case, contended that the employee was terminated and therefore there was no duty to rehire. The employer, as in the current case, had policies in place that provided a basis for rehire. Does Costco have such a policy? Costco has a policy where they have. Could you start with a yes or no? I believe yes, Your Honor. And what is the and recover damages, we have to take you back. What it says, Your Honor, is we will not terminate your policy, excuse me, we will not terminate your employment without good cause. Right, Counsel, and doesn't that presuppose that there's a duty to rehire in the first place? Isn't that the issue? Your Honor, I think that that begs the question. And what I'm getting at I think not, because you would have to concede that you have to have a duty to rehire before this provision of the statute is triggered, right? Correct, Your Honor, but my point is. Where's the duty in the policy? I think that's a question. The duty in the policy is they indicate to their employees that, in fact, their policy says that their employees are their most valued asset, that they have a career path, that they are going to be supported from within to become management. They say that. Their policies also say we will not terminate you without good and where does it say we'll assume this duty to rehire? Your Honor, I think that the logical consistency is there. It's exactly the same as what the Montana Supreme Court identified in both the Nye and the Boreen cases. Neither of those policies had a specific provision that says you have a duty to rehire. They don't say that. What they do say is that the employee cannot be the Montana Supreme Court specifically in both cases reinstated a wrongful discharge action for both of those employees. And so I think that the Montana Supreme Court has already posited that, that where there is a duty to have just cause, just as Costco has taken it upon to tell its employees that you will not be terminated without just cause or without good and sufficient cause is the actual language. And then we have legal evidence that they did just that. My client, after she was completely vindicated, after she established that Costco did not have good cause to terminate her, she reapplied several times. Here we have a five-year employee with an exemplary record. When she brought suit, she asked for a determination that the discharge was wrongful, correct? In the first or the second case, Your Honor. When she initially brought suit. Yes. Before she recovered, she said I was wrongfully terminated. Correct. And I want damages. For the period. Help me here. I'm just trying to get to a point. So the answer to those two things is yes. Yes. Did she seek reemployment in the lawsuit? At the end, after she was. Did she, when she sued asking for a determination of wrongful discharge and damages, asked to be reinstated as part of a relief? No, Your Honor. The answer is no, isn't it? Because that's not provided for under the wrongful discharge statute. Isn't that another problem? It's the exclusive remedy, isn't it? The statute provides the exclusive remedies for wrongful discharge. Yes, it does, Your Honor. And she did not seek reinstatement. The act, the act does not provide for it, nor did she seek it. However, after she successfully established in her first wrongful discharge suit that Costco did not have good cause, she then reapplied, asked for reinstatement and was multiple times refused. Now this is even during Christmas season. They are hiring people who have no experience. She's had five experiences in two institutions. They refuse to hire her. But at the end of the day, we're talking about statutory construction. And you have a statutory argument because this is the failure to rehire argument. But in fact, as you know, that the Montana legislature adopted this act in response to a development of the common law tort. They were trying to restrict the remedy, not expand the remedy. So why do you think that you really believe the Montana legislature intended to create an entirely new cause of action for employees like your client who can sue disclaiming they're fired when they weren't rehired? Your Honor, I believe that the Montana legislature did enact the statute so that under the appropriate facts situation, it would apply. Yes, it said under if you don't have good cause and there is a failure to rehire and you can point as the Montana Supreme Court has pointed out in the three cases that I've cited, and you can point to something that the employer has done to create this obligation to rehire. And as I indicated in both Nye and Boreen, Nye is a pre-act case. Pardon me? Nye is a pre-act case. It is. It is, Your Honor. But Boreen is not. And what the employer did in this case to create this obligation to rehire is it's in their personnel policy. Is that where I find it? Correct. Can you tell me exactly what language you rely on, please? What language? I can, Your Honor. It is in the appellate's excerpts of record at page 29, it's section 4.8 under termination. Thank you. You're down to about a minute and a half. Do you want to reserve? Yes, Your Honor, I do. Thank you. Mr. Crist? May it please the Court, my name is John Crist. I'm here today representing Costco Wholesale. The district court correctly dismissed Ms. Asper's claim against Costco because Costco did not owe Ms. Asper a legal duty to rehire her after it had permanently terminated her employment. Counsel, could I ask whether you read the district court's order as statutory interpretation or both? I read the district court's order as relying on the Neelan case, the Arnold v. Boise case. The court makes a statement near the end that his ruling is consistent with Montana's public policy as it's embedded in the statute, which is the statute is your exclusive cause of action and the remedies provided in that statute are your exclusive remedies for a termination. Was that a yes? Yes. A no or a what? It was a yes. I do. I'm not sure it was a yes or no question, actually. It was a yes. You don't think he relied on public policy? In ultimately reaching his decision, I think he commented on public policy. I don't know that he relied upon public policy. Well, he certainly mentioned public policy at the end. He did indeed. And again, I think the judge's discussion of the public policy is entirely consistent with the Montana statutory scheme. So he's not plucking some public policy from thin air and trying to impose it on the circumstances. He's grounding his public policy discussion in the remedies under the statute. What's your strongest argument that this language, failure to recall or rehire, does not include this situation that we have here? I'm sorry, Your Honor. I did not hear you. What's your strongest argument that failure to recall or rehire does not encompass the situation that this particular case presents? My strongest argument is that one must have a duty to rehire or recall. And the Montana Supreme Court in two cases, I believe, has addressed exactly this. The first is in the Neelan case under facts that I think are quite similar to those before the court. In Neelan, the company laid off six or seven employees, subsequently purchased a different company, hired back two or three of the employees and did not hire back Mr. Neelan. He sued for wrongful discharge. Among his theories was that the failure to rehire him constituted a wrongful discharge under the statute. And he asked the district court to instruct the jury on that theory. The district court refused to do so, and that issue went up on appeal. On appeal, the Montana Supreme Court said that Mr. Neelan had been permanently terminated from his position, just as Ms. Asper was permanently terminated from her position. Under circumstances where you've been permanently terminated from your position, there is no duty to rehire that person. In reaching its decision, the Neelan court did another thing. As Judge Thomas mentioned, prior to the act, there were a lot of bad faith, common law bad faith claims for employment. He sort of tried to end run the wrongful discharge act by asserting a common law claim. And in court stated, and I quote here, once Neelan was terminated in 1994, Luzanik, his employer, had no duty to rehire Neelan at any time in the future. What if the employer terminated based on a protected ground? It would be different. It would be different because if by protected ground you mean discriminatory. Race, gender, religion, sexual orientation. It would be different. And the reason that it would be different is because the remedies available under the Montana Discrimination Act are different. They allow one to require, quote, any reasonable measure to correct the discriminatory practice and to rectify the harm, puniary or otherwise. So there is a different standard, which has fairly commonly been used by hearing examiners in Montana to require reinstatement. You don't have similar remedies under the Montana Wrongful Discharge Act. The other... Does that mean the remedy is not exclusive? No, the remedy is exclusive for a discharge. Even a discharge based on a protected ground? That's actually a whole different can of worms, Your Honor. The Montana Supreme Court... It's another remedy. Well, it's an alternate remedy. You could actually assert a claim for wrongful discharge based on a certain set of facts that are not based on discrimination, and you could assert discrimination, a discriminatory termination, and you could bring those two claims simultaneously, but they have to be based on different factual predicates. So if we were to say, trying to construe the phrase, failure to recall or rehire, how would you suggest that we construe it? I think you should construe it just as the court in Neyland and the court in Arnold versus Boise Cascade did, is that where... And in the Boise Cascade case, there was a very specific policy provision that stated, we're going to put you on a temporary status, subject to recall, I think it was in six months or so. They recalled some people, they did not recall Mr. Arnold, and he sued them. So in a circumstance where there's been a temporary layoff with a promise or a policy that you will recall the person, in that circumstance, a failure to recall can constitute a wrong. Why would it have to be temporary? Why couldn't there be any indication or any other circumstances where, by contract or otherwise, there's a duty to rehire? Wouldn't that work? I think it could be. The facts in Arnold were that it was temporary and it was under what they called their temporary layoff policy. But if you did have a promise, a policy, or something like that, where you said, if we fire you and if a job comes up, we agreed to call you back, that could be an alternate ground. So you read the statute with this phrase, failure to recall or rehire, where there is a duty to do so? Because there always has to be a duty. Was that a yes? Pardon me? Was that a yes? Yes, you read it to imply that there's a duty to rehire. Correct. Because there always has to be a duty. Thank you. Judge Hawkins asked about certification. What's your position on that? Like most guys, it depends on how you're going to go. But seriously, I don't think you need to certify the question. I think that Neelan and Arnold provide you the side boards for how the Montana Supreme Court interprets when a failure to rehire can constitute a wrongful discharge. I don't think you have to look beyond those cases. I'd like to comment on a couple of other things. One is this notion that there's some policy provision in Costco's employment agreement which constitutes a right to return. There isn't one. There is nothing in that policy that says, if you quit or if we fire you, if you sue us, if you don't, we will bring you back. There is nothing at all like that. There is a section, sections 4.6 and 4.7, which deal with layoffs and reductions in force, and they provide some provisions concerning how those layoffs will occur and how people will be brought back. There's some that counsel discussed with you says that Costco, let me find the exact language here. I believe she's relying on the just cause for termination. Right. It says, we reserve the right to terminate your employment for good and sufficient cause. It actually says for good and sufficient cause as determined by Costco. It doesn't then go on to say, and if it turns out you sue us and a trier of fact disagrees with us or sees it differently, we'll bring you back. It doesn't say anything like that. There simply isn't any provision, and I think it's helpful to kind of compare what Ms. Asper is relying on to the very specific provisions that you find in the Arnold case where it's very clear, a very clear promise to bring the person back. I'd like to talk a little bit about the Boreen case and the Nye case. The Nye case was a pre-act case and I don't think really has any application, but the issue in Boreen, she was a, he or she rather, was a state employee, and the issue in that case is whether the employee who brought suit had a property interest in her employment entitling her to due process under the It did not turn on the Montana Welfare Discharge Act, and what the court said is, let's look at the regulations that the state of Montana has that provide protections to employees in a position like Boreen, and based on those protections, we find she did indeed have a property right and that that property right cannot be taken from her without due process. That case would only matter if Costco had some provision. Then there would be a rough analogy if Costco had some provision about bringing people back, but it does not. Finally, I want to talk a little bit about the second claim. There's actually two causes of action in the complaint. One is for failure to rehire, just sort of a garden variety, you didn't bring me back, and the other is a retaliatory failure to hire, and it is true in for reporting a public policy violation. Ms. Asper's theory is that by filing a lawsuit, she reported a public policy violation. I would take issue with that initially. Filing a lawsuit is not the report of a public policy violation. Calling OSHA, calling the Wage and Hour folks, that would be a report of a public policy violation, but beyond that, there still has to be a duty before it would matter. You can't have a circumstance where you terminate somebody, they go to OSHA and report eight or ten public policy violations and then come back and say, ha, I've created a duty, you have to hire me back, and that's the theory under which she's relying on the public policy violation. She also alleges that the district court should have given her leave to amend. How do you respond to that? I don't believe that there are any circumstances pled here or that could be pled under which she could plead facts sufficient to demonstrate that there is a duty. In the absence of some agreement by Costco to reinstate her after having permanently terminated her, as the court said in Neyland, there is no obligation by any employee, any employer, to rehire a permanently terminated employee. There simply isn't one, so I don't believe that there's any. And we have the entirety of the Costco policy in the record. True. Pardon me? We have the entirety of the Costco policy in the record. You do, Your Honor. Yes. So, in conclusion, the Wrongful Discharge Act in Montana describes the circumstance when a discharge can be wrongful. I think the Neyland and Arnold cases circumscribe when a failure to wrongful discharge. Under Neyland, the holding is that a permanently terminated employee simply cannot pursue this theory. That was what the court said. The jury was correctly not instructed on that theory because it didn't apply to the facts of that case. Once Costco had permanently terminated Ms. Asper and she had all the benefits of seeking all the available remedies, Costco no longer has a legal duty to rehire her. And because Costco owed her no legal duty, Judge Christensen correctly dismissed her case. Thank you, counsel. Thank you. Rebuttal? Thank you. I respectfully disagree with Costco's position. I believe that their policy does, in fact, create that obligation. And you would agree that we have the entirety of the policy, so we don't need to look anywhere else. True? Yes, Your Honor. So, I asked this question a minute ago and you pointed me to Section 4.8, which is, I think, the one you talked about in your briefing. Correct. Okay. I've got it right in front of me. I would also like to point out page 21 of the appellant's excerpts of record where it specifically says that we take care of our employees. Our employees are committed. We are committed to providing them with rewarding challenges and ample opportunities for personal and career growth. They then go on to talk about career opportunities. They then talk about Costco is committed to promoting from within the company. And then, in addition, there's the termination provision that we will only terminate a permanent employee for good and sufficient cause. To give meaning to those provisions requires that if an employee is terminated contrary to their own policies, then the Montana Wrongful Discharge Act that does say a failure to rehire when there is a legal duty, we contend that those policies created by Costco create that Arnold. The Neelan case is factually dissimilar. In that case, and I think it's very important, the Montana Supreme Court specifically found that there was nothing in the policies that Neelan could point to to give him that right to rehire. So this is very specific to this case. Thank you. Thank you, counsel. Thank you both for your arguments. The case has terribly submitted for decision and we'll proceed to the last case on the oral argument calendar this morning, which is Wilderness Watch v. King.
judges: Thomas, Hawkins, Christen